# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FERNANDO FONTANEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 6997 |
| | ) |
| STATE OF ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff's application to proceed in forma pauperis ("IFP") is denied. The complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to file an amended complaint in conformity with this opinion by March 2, 2007.

### BACKGROUND

On January 24, 2006, plaintiff Fernando Fontanez ("plaintiff") was released from Pickneyville Correctional Center subject to a release agreement with the Illinois Department of Corrections ("IDOC").[1] (Complt., Ex. 1 (IDOC Report # B112, dated July 12, 2006).) The complaint does not identify the specific basis for plaintiff's incarceration, although an IDOC report attached to the

---

[1] The facts are taken from the complaint and the documents attached to the complaint, which, under Fed. R. Civ. P. 10(c), are part of the complaint.

complaint indicates that plaintiff is a "past offender" with "two Retail Theft offenses." (Id.) Plaintiff's release agreement imposed a number of conditions on his release, including his participation in anger-management counseling and his ceasing all communication with government officials. (Id.)

IDOC maintains that plaintiff did not comply with the terms of his release agreement. On July 12, 2006, an IDOC officer filed a parole violation report ("PVR") alleging that plaintiff, while on supervised release, violated a criminal statute and corresponded with various government officials. (Id.) Specifically, the July 12, 2006 PVR alleged that plaintiff had sent a number of harassing letters to the Hon. Joan Lefkow and that plaintiff possessed threatening letters addressed to federal and state judges, Vice President Cheney, and Illinois Governor Rod Blagojevich. (Id.) IDOC also documented in the report plaintiffs' alleged threats to Justice Christa Jaffe of the Washington Supreme Court in early July 2006. (Id.) Justice Jaffe informed IDOC in early July 2006 that plaintiff had mailed her a letter stating that he had "brutally murdered individuals in the past" and that two toy machine guns were enclosed in the envelope. (Id.) IDOC ultimately recommended that plaintiff be remanded to its custody. (Id.)

On or about October 10, 2006, plaintiff went to the Office of the Executive Inspector General for the Agencies of the Illinois

Governor ("OEIG") to file a complaint. (Complt., Ex. 2 (IDOC Report B305 dated Oct. 18, 2006).) After plaintiff was told that his grievance could not be handled by the OEIG, plaintiff allegedly threatened a female staff member at the office, stating that he "knew where she lived." (Id.) Plaintiff was subsequently arrested by the Chicago Police Department for criminal trespass to land. (Id.) Plaintiff maintains that the charges against him were fabricated to prevent him from exercising his rights and pursuing his investigation of racketeering activity. (Complt. at 5-6.)

On October 18, 2006, an IDOC officer filed another PVR documenting plaintiff's alleged harassment of female members of the U.S. Congress by way of written correspondence, including an alleged admission by plaintiff that he had written a number of letters. (Complt., Ex. 2 (IDOC Report B305 dated Oct. 18, 2006).) The October 18, 2006 PVR also documents plaintiff's September 15, 2006 arrest for battery/bodily harm and his October 10, 2006 arrest for criminal trespass. (Id.) Plaintiff disputes the veracity of these claims, making extensive handwritten notes in the margins next to several factual allegations in the report. (Id.)

On November 14, 2006, the Parole Review Board of the State of Illinois ("PRB") issued a written finding that plaintiff had violated at least two conditions of his release ("PRB Order"). (Complt., Ex. 7 (PRB Order dated November 14, 2006).) The PRB

Order stated that plaintiff's violation date was October 10, 2006 (the date he was arrested for criminal trespass) and calculated plaintiff's discharge date as December 5, 2006. (_Id._) The pleadings are ambiguous with respect to plaintiff's current status. Plaintiff may have served his sentence in its entirety or IDOC may have permitted him to resume supervised release.

Plaintiff filed the instant action on December 19, 2006. The named defendants are the State of Illinois, Illinois Governor Rod Blagojevich ("Governor Blagojevich"), Mrs. Patti Blagojevich ("Mrs. Blagojevich"), the Illinois Department of Corrections ("IDOC"), the Executive Inspector General for the Agencies of the Illinois Governor ("EIG"), and Arthur Look, a supervisory investigator employed by the EIG ("Inspector Look").

The complaint suffers from a lack of clarity. As best the court can determine, plaintiff alleges violations of his constitutional rights because: (1) he was falsely arrested on October 10, 2006 ("false arrest" claim); and (2) his supervised release was terminated to prevent him from investigating alleged racketeering crimes ("false violation" claim). (Complt. at 3-5.) The court's construction of the complaint is necessarily speculative; as discussed in greater detail below, the bulk of the complaint runs afoul of Fed. R. Civ. P. 8.

ANALYSIS

The federal IFP statute, codified at 28 U.S.C. § 1915, is designed to provide indigent litigants meaningful access to the courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Under the statute, an IFP petitioner must submit an affidavit that demonstrates an inability to pay the requisite costs of filing an action. 28 U.S.C. § 1915(a)(1). Plaintiff states in his financial affidavit that he has no assets, his monthly income is $155 in food stamps, and that he has not been gainfully employed since 1992. (Pl. Fin. Aff. at 1-2.) On these facts, plaintiff has demonstrated his inability to pay court costs.

Our inquiry, however, does not end with a finding of indigency. To prevent abuse of the IFP statute, we must review the complaint and dismiss the action if we determine that it (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b)(i)-(iii). The complaint is defective in a number of respects such that the court must dismiss the complaint without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and § 1915(e)(2)(B). Frederickson v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004) (Rule 12(h)(3) dismissal for lack of subject matter jurisdiction is without prejudice); Denton v. Hernandez, 504 U.S. 25, 34 (1992) (dismissal pursuant to § 1915(e)(2)(b) is without prejudice).

1.  Subject-Matter Jurisdiction

A district court is obligated to ascertain whether it has subject matter jurisdiction over a plaintiff's claims. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). Fed. R. Civ. P. 12(h)(3) requires dismissal of an action "[w]henever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."

The Eleventh Amendment deprives the federal courts of subject matter jurisdiction over suits against a state, its agencies, or its officials in their official capacity, absent a waiver by the state or a congressional override. Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-02 (1984)). Illinois has not waived its Eleventh Amendment immunity, Kroll v. Bd. of Trustees of the Univ. of Ill., 934 F.2d 904, 907 (7th Cir. 1991), and § 1983 is not a congressional override. Quern v. Jordan, 440 U.S. 332, 345 (1979). Thus, the court lacks subject matter jurisdiction over plaintiff's claims against the State of Illinois and IDOC, as well as plaintiff's official capacity claims against the individual defendants.

2.  Noncompliance with Rule 8

Fed. R. Civ. P. 8 demands that a complaint "be presented with intelligibility sufficient for a court or opposing party to

understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs. Inc., 20 F.3d 771, 776 (7th Cir. 1994). The complaint, when construed generously, puts defendants on notice with respect to two putative claims under § 1983: (1) plaintiff was falsely arrested on October 10, 2006; (2) IDOC's revocation of plaintiff's supervised release was retaliation for the exercise of his constitutionally-protected rights. (Complt. at 3-6.) The fact that these putative claims satisfy Rule 8's notice requirement does not save them from dismissal; as discussed below, these claims are legally baseless and are properly dismissed pursuant to § 1915(e)(2)(B).

The remaining claims do not satisfy Rule 8's requirements with respect to notice and clarity. The complaint is mostly a collection of legal conclusions without factual allegations that might support the conclusions. See, e.g., Complt. at 2 "Obstruction of justice, hiding of tangible and intangible evidence, providing false information, false arrests, impeding investigations, concealment of assets, attempts to damage my character and reputation, patently offensive denigrating depictions of my likeness, libel and slander are all serious criminal actions initiated against me by this criminal network and fully prosecutable under federal law etc. aiding and abetting, conspiracy to kidnap across state lines, involuntary servitude, human

trafficking, solicitation for prostitution, pornography etc. are equally highly offensive serious accusations meriting investigations." This long recitation is accompanied by no factual allegations.

3. <u>Frivolous Claims</u>

28 U.S.C. § 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the latter class are claims describing 'fantastic or delusional scenarios.'" <u>Denton</u>, 504 U.S. at 26.

Plaintiff's complaint is frivolous to the extent that he is alleging a widespread conspiracy to engage in racketeering activities involving billions of dollars. The participants in the alleged conspiracy include Governor Blagojevich, his wife, "organized crime," and "the media." (Complt. at 4-5.) Such allegations of a fanciful conspiracy do not survive review under the <u>Denton</u> standard. <u>See, e.g.</u>, <u>Miller v. Chicago Pub. Library</u>, No. 05 C 7095, 2006 U.S. Dist. LEXIS 27555 (N.D. Ill. Apr. 11, 2006) (claim of conspiracy involving pornographers, drug traffickers, CIA, Governor Blagojevich, and Illinois Attorney General Madigan dismissed as frivolous under § 1915(e)(2)(B)(i)).

4. Failure to State a Claim

The standard of review for failure to state a claim under § 1915(e)(2)(B)(ii) is the same standard used when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). In determining whether the complaint fails to state a claim, the court assumes that plaintiff's factual allegations are true and draws all reasonable inferences in his favor. Strasburger v. Bd. of Educ., 143 F.3d 351, 359 (7th Cir. 1998). To the extent the court is able to decipher the complaint, plaintiff's allegations fail to state a claim upon which relief can be granted.

First, Supreme Court precedent teaches that § 1983 does not authorize suits against states or state agencies. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). Plaintiff has thus failed to state a claim against the State of Illinois and IDOC. The complaint does not state whether the individual defendants are being sued in their individual capacities, their official capacities, or both. When the complaint is ambiguous, as in the instant case, the presumption is that a state official is being sued in his official capacity. Duckworth v. Franzen, 780 F.2d 645, 649 (7th Cir. 1985). Since a suit against a state official acting in an official capacity is really a suit against the state, Ky. v. Graham, 473 U.S. 159, 166 (1985), plaintiff has failed to state a

claim against Governor Blagojevich, the EIG, and Inspector Look.

Second, even if plaintiff is suing the individual defendants in their individual capacities, the complaint fails to state a claim against those defendants. Section 1983 does not recognize a doctrine of superiors' liability; for a particular defendant to be liable under Section 1983, that defendant must have personally participated in or caused the alleged unconstitutional actions. <u>Palmer v. Marion County</u>, 327 F.3d 588, 594 (7th Cir. 2003). A "bare allegation of conspiracy" with respect to an individual defendant's personal participation is insufficient to support a claim. <u>Walker v. Thompson</u>, 288 F.3d 1005, 1007-1008 (7th Cir. 2002).

Plaintiff does not set forth allegations of personal involvement with respect to the individual defendants. In fact, he has not named as defendants (by name or as a John Doe) any of the individuals who were directly responsible for his arrest and his reincarceration following a determination that he violated his release agreement. Instead, plaintiff has chosen to sue senior-level Illinois officials, alleging that they were part of a conspiracy to thwart his investigations into purported racketeering activity.

Plaintiff's only specific allegation against Governor Blagojevich is that he did not prevent IDOC's activity. (Complt.

at 3.) This allegation, standing alone, is insufficient to state a claim against Governor Blagojevich for personal responsibility in either his official or individual capacity. <u>Chavez v. Ill. State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001) (supervisor not liable under § 1983 for negligently failing to prevent subordinates' misconduct).

Plaintiff has provided no basis to infer that EIG or Inspector Look, whom plaintiff designates as a "supervisory inspector," were personally involved in the deprivation of plaintiff's rights or that they were recklessly indifferent to their subordinates' misconduct. <u>See id.</u>

Plaintiff's allegations against Mrs. Blagojevich, as best the court can discern, are that she has an undefined connection with certain unsavory characters. Plaintiff fails to state a claim against Mrs. Blagojevich because she does not act "under color of state law" on account of her marriage to Governor Blagojevich. Plaintiff's claim against Mrs. Blagojevich also fails because the complaint provides no basis to infer that she was personally involved in the deprivation of plaintiff's rights.

Finally, plaintiff's claims, to the extent they are premised upon the invalidity of past or ongoing criminal proceedings, are barred by the rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). If plaintiff files an amended complaint, he should take care to ensure

that his claims do not run afoul of the rule of Heck.

"The rule of Heck is that unless and until a criminal defendant gets his conviction overturned, he can't base a civil case on evidence that if true shows he was wrongly convicted; that is an impermissible end run around the conviction." Robinson v. Doe, 272 F.3d 921, 923 (7th Cir. 2001). This rule is not limited to criminal convictions–it also applies to claims that would necessarily invalidate pending criminal proceedings, Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997), or parole revocation proceedings. Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997).

Plaintiff's "false arrest" claim, which alleges that his October 10, 2006 arrest was retaliation for his demands for investigations, would invalidate pending criminal proceedings against him. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); accord Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 899-900 (7th Cir. 2001).

With respect to plaintiff's "false violation" claim, the PRB's revocation order was predicated on plaintiff's October 10, 2006 arrest, meaning that plaintiff cannot establish that the revocation order was constitutionally defective without first mounting a collateral attack on the validity of his October 10, 2006 arrest. Furthermore, if plaintiff is still on supervised release, then his

challenge to the PRB's revocation decision is aimed at the fact or duration of his confinement, and is not cognizable as a § 1983 action at this juncture.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (collecting cases).

## CONCLUSION

Plaintiff's in forma pauperis application is denied. Plaintiff's claims are dismissed for lack of subject matter jurisdiction and pursuant to the criteria set forth in 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted leave to file an amended complaint that conforms with this order by March 2, 2007.  If he files a sufficient complaint, leave to proceed in forma pauperis will be granted.  If the complaint fails to allege any claim upon which relief could be granted, the case will be dismissed with prejudice.

DATE: January 18, 2007

ENTER: _____
John F. Grady, United States District Judge