## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FERNANDO FONTANEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 6997 |
| ) | |
| JOHN CORNIER, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Before the court is defendant's motion for summary judgment. For the reasons explained below, the motion is granted.

### BACKGROUND

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Pro se plaintiff Fernando Fontanez complains that he was falsely arrested on June 7, 2006, and that defendant John Cornier, a Special Agent for the Illinois State Police, caused the arrest "by initiating an investigative alert negligently purporting that" plaintiff had threatened Governor Rod Blagojevich.

Defendant now moves for summary judgment.

### DISCUSSION

#### A.    Summary Judgment Standards

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. <u>See</u> <u>Pitasi v. Gartner Group, Inc.</u>, 184 F.3d 709, 714 (7th Cir. 1999). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" <u>Talanda v. KFC Nat'l Mgmt. Co.</u>, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).

The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." <u>McGrath v. Gillis</u>, 44 F.3d 567, 569 (7th Cir. 1995). Once the moving party has supported its motion for summary judgment, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the adverse party does not so respond, "summary judgment should, if appropriate, be entered against that party." <u>Id.</u>

Local Rule 56.1 of the Northern District of Illinois requires the moving party to file a statement of material facts as to which

he contends there is no genuine issue and that entitle him to a judgment as a matter of law. N.D. Ill. L.R. 56.1(a)(3). The local rule also requires the nonmoving party to file a "response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. L.R. 56.1(b)(3)(C); <u>Metropolitan Life Ins. Co. v. Johnson</u>, 297 F.3d 558, 562 (7th Cir. 2002).

Local Rule 56.2 requires "[a]ny party moving for summary judgment against a party proceeding pro se" to "serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment.'" N.D. Ill. L.R. 56.2. The Notice provides pro se litigants information about the nature of a summary judgment motion, what a litigant must do to defeat such a motion, and what is required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Defendant Cornier served and filed the Notice required by Local Rule 56.2, but plaintiff still failed to file the required

response to defendant's Rule 56.1 statement.[1]  Therefore, pursuant to Local Rule 56.1(b), we deem admitted all of the facts in defendant's submission, which are properly supported by affidavits and documents.  Those facts are as follows.

## B.   **Facts Deemed Admitted**

Defendant Cornier has been an officer with the Illinois State Police ("ISP") since 1980, and he has been a Special Agent since 2004.  Krista Thien, who is not a party to this case, has been an officer with the ISP for twelve and a half years.  She was previously a Trooper and is now a Special Agent.

Around May and June 2006, Cornier and Thien attempted to locate the plaintiff in order to speak with him about a letter he had sent to Governor Blagojevich.  They were unable to locate him, so on June 6, 2006, they went to the Chicago Police Department ("CPD") station located at 2452 West Belmont and asked the CPD for assistance in locating plaintiff. (Def.'s Rule 56.1 Statement, Ex. B, Aff. of John Cornier; Def.'s Rule 56.1 Statement, Ex. C, Aff. of Krista Thien.)

At Thien's request, the CPD entered an "investigative alert" into their computer system.  Thien specifically told the CPD officer who took the information that there was no probable cause

---

[1]   Plaintiff did file a "Motion to Deny Defendants Motion for Summary Judgment" and an "Amended Motion to Deny Defendants Motion for Summary Judgment," both of which we have construed as responses to the summary judgment motion, as well as "Plaintiffs Responsive Brief to Deny Defendants Motion for Summary Judgment," which we have also construed as a response.

for plaintiff's arrest, and this designation became part of the investigative alert. Neither Cornier nor Thien arrested plaintiff or detained him. (Id.) (A CPD officer named John Dabe did eventually arrest plaintiff; plaintiff filed a separate lawsuit against Dabe that was consolidated with the instant action. That lawsuit was recently dismissed pursuant to a settlement.)

Attached to Thien's affidavit is an ISP Investigative Report dated June 6, 2006 that was prepared by Thien for the stated purpose of "document[ing] the activation of an investigative alert on FONTANZ [sic]." (Thien Aff., Ex. 1 at 1.) The report states in pertinent part:

> On Monday, June 05, 2006, . . . the Illinois State Police (ISP) Executive Protection Unit requested the assistance of ISP Zone 1 Investigations reference [sic] a letter received by the Governor's Office from a FERNANDO FONTANEZ . . . . FONTANEZ alleged that the Governor and First Lady knew of a [sic] identity theft involving a state employee . . . . FONTANEZ stated he was "compelling" the Governor to answer his inquiry and return FONTANEZ's personal property. A return address of [a post office box] was listed on the letter.

> On Tuesday, June 06, 2006, Reporting Agents (R/As) Troopers Krista Thien #4822 and John Cornier #2703 requested to active [sic] an investigative alert through Chicago Police Department (CPD) 19th District located at 2452 West Belmont, Chicago, Illinois 60618. CPD Detective Hagemagg entered an investigative alert on FONTANEZ with a preference of no probable cause for arrest (see attachment).

> Further, CPD John L. Dabe was given the description and photo of FONTANEZ in order to check for FONTANEZ at local hotels and homeless shelters.

(Id.)

Attached to Thien's report is a copy of the CPD Investigative Alert entry. It is dated June 6, 2006 and contains identifying information regarding Fontanez, including his last-known residence. In the box labeled "Offense Code," it contains a number and the word "intimidation." The top of the form bears the designations "No Probable Cause for Arrest" and "Probable Cause for Arrest." The circle next to "No Probable Cause for Arrest" is filled in, and the circle next to "Probable Cause for Arrest" is empty. The alert identifies the complainant as the Master Sergeant of the ISP, and in the box labeled "Justification for Request," states, "Subject sent threatening letter to public official. Contact ISP Master Sergeant Kurt Cavanaugh or ISP watch Commander at [phone numbers]." (Thien Aff., Ex. 1 at 2-3.)

## C.   **Plaintiff's False Arrest Claim**

Cornier contends that the undisputed facts establish that he did not "cause" plaintiff to be arrested.

To establish personal liability in a § 1983 action, a plaintiff must show that the government official "caused the deprivation of a federal right." Luck v. Rovenstine, 168 F.3d 323, 327 (7th Cir. 1999). "An official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights." Brokaw v. Mercer County, 235 F.3d 1000, 1012 (7th Cir. 2000) (citation omitted). An official

satisfies this personal responsibility requirement if he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge or consent.  Id.

The undisputed facts are that Cornier went with Thien to the CPD and requested the CPD's help in finding plaintiff.  This request for help did not include a request or direction to arrest plaintiff; in fact, Thien, who accompanied Cornier, told the CPD that there was no probable cause for plaintiff's arrest in relation to the alleged threatening letter.  Given that Thien explicitly gave the CPD this information, it cannot be said that Cornier acted with a deliberate or reckless disregard for plaintiff's constitutional rights.  The fact that plaintiff was later arrested by the CPD does not demonstrate that Cornier caused that arrest.

Plaintiff submits a number of various documents but no evidence indicating that there is a genuine issue regarding whether Cornier caused the arrest.  Instead, plaintiff relies on conclusory statements and conjecture in his briefs, including unsupported accusations that defendant's statements are perjurious.  Because defendant has come forward with evidence showing that he did not cause plaintiff's arrest and plaintiff has failed to rebut the motion with any evidence showing a genuine issue for trial, summary

judgment will be entered in favor of defendant and against plaintiff.

## <u>CONCLUSION</u>

Defendant's motion for summary judgment is granted. The case is terminated.


DATE:     January 22, 2009


ENTER:    _____
          John F. Grady, United States District Judge